**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4700**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LE'TRON ANTHONY SINGLETON,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Beaufort.  David C. Norton, Chief District Judge.  (9:06-cr-00832-DCN)

Submitted:  December 19, 2007      Decided:  January 7, 2008

Before WILKINSON, MOTZ, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

J. Robert Haley, Assistant Federal Public Defender, Charleston, South Carolina, for Appellant.  John Charles Duane, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Le'Tron A. Singleton appeals his conviction and eighteen-month sentence after pleading guilty to possession of two unregistered shotguns, both with an overall length of less than twenty-six inches and a barrel length of less than eighteen inches, in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871 (2000). Singleton's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he asserts that there are no meritorious issues for appeal, but asks this court to review the Fed. R. Crim. P. 11 hearing and the reasonableness of Singleton's sentence. Singleton was given an opportunity to file a pro se supplemental brief, but has not done so. Finding no error, we affirm.

Under Fed. R. Crim. P. 11(b)(1), the district court must address the defendant in open court and inform him of the following: the nature of the charge; any mandatory minimum sentence and the maximum possible sentence; the applicability of the Sentencing Guidelines; the court's obligation to impose a special assessment; the defendant's right to an attorney; his right to plead not guilty and be tried by a jury with the assistance of counsel; his right to confront and cross-examine witnesses; his right against self-incrimination; and his right to testify, present evidence, and compel the attendance of witnesses. The defendant also must be told that a guilty plea waives any further trial and

that his answers at the proceeding may be used against him in a prosecution for perjury. Under Rule 11(b)(2), the court must address the defendant to determine that the plea is voluntary. The court must require disclosure of any plea agreement under Rule 11(c)(2) and determine a factual basis for the plea under Rule 11(b)(3). Because Singleton did not move in the district court to withdraw his guilty plea, any challenges to the Rule 11 hearing are reviewed for plain error. See United States v. Martinez, 277 F.3d 517, 524 (4th Cir. 2002).

During the plea hearing, the district court properly informed Singleton of the rights that he was forfeiting as a result of his plea and the nature of the charges and penalties that he faced, found that Singleton was competent and entering his plea voluntarily, and determined there was a sufficient factual basis for the plea. Therefore, the record establishes that Singleton knowingly and voluntarily entered into his guilty plea with a full understanding of the consequences and that there was no error in the district court's acceptance of his plea.

As for Singleton's sentence, this court reviews the imposition of a sentence for reasonableness. United States v. Booker, 543 U.S. 220, 260-61 (2005); United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005). After Booker, courts must calculate the appropriate guidelines range, making any appropriate factual findings. United States v. Davenport, 445 F.3d 366, 370

(4th Cir. 2006). The court then should consider the resulting advisory guidelines range in conjunction with the factors under 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007), and determine an appropriate sentence. Davenport, 445 F.3d at 370. This court will affirm a post-Booker sentence if it is within the statutorily prescribed range and is reasonable. Hughes, 401 F.3d at 546-47. A sentence within the proper advisory guidelines range is presumptively reasonable. United States v. Green, 436 F.3d 449, 457 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006); see Rita v. United States, 127 S. Ct. 2456 (2007).

At sentencing, Singleton did not object to the findings in his presentence report or to the sentencing guidelines range, which was calculated at eighteen to twenty-four months. The district court imposed a sentence at the bottom of the guidelines range, sentencing Singleton to eighteen months' incarceration. On appeal, Singleton has failed to demonstrate his sentence is either procedurally or substantively unreasonable. The district court correctly calculated the advisory guidelines range and considered the relevant factors under 18 U.S.C.A. § 3553(a). Therefore, we affirm his sentence.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Singleton's conviction and sentence. This court requires counsel inform his client, in writing, of his right to petition the

- 4 -

Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED